IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ISIAH WILLIAMS                                                      PETITIONER

v.                                                       No. 3:25-cv-178-SA-RP

STATE OF MISSISSIPPI                                               RESPONDENT

ORDER TRANSFERRING CASE

This matter comes before the court, *sua sponte*, for consideration of the transfer of this cause. Isiah Williams has filed a document this Court has interpreted as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See* [1]. Liberally construed, Williams challenges his 2006 conviction and sentence for sale of a controlled substance and resulting life sentence as a habitual offender in the Circuit Court of Panola County, Mississippi. The petitioner has filed at least two other unsuccessful § 2254 motions concerning the same conviction which she now seeks to challenge. *See Williams v. Epps, et al.,* 2:10-cv-171-WAP-DAS and *Williams v. Cain,* 4:22-cv-88-DMB-DAS.

The Antiterrorism and Effective Death Penalty Act requires that before a district court files a second or successive petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b). The petitioner has not obtained such an order. Rather than dismissing the petition on this basis, the Fifth Circuit, in accordance with the applicable statute, permits district courts to transfer the petition for consideration pursuant to 28 U.S.C. § 2244(a) and (b)(3)(c). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Therefore, in the interest of justice and judicial economy, it is **ORDERED:**

1) That this petition will be transferred to the Fifth Circuit Court of Appeals for the petitioner to seek leave to file this successive § 2254 petition;

2) That the Clerk of Court is directed to transfer this petition and the entire record to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. §2244(a) and (b)(3)(c), and *In re Epps*, 127 F.3d at 365; and

3) That this case is CLOSED.

SO ORDERED, this, the 23rd day of March, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE